# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jane Doe, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| Stephen A. Zappala, Jr., | : | |
| District Attorney of Allegheny | : | |
| County, in his official capacity only, | : | No. _____ |
| | : | |
| and | : | CIVIL ACTION |
| | : | |
| Carrie Rowe, | : | |
| Acting Secretary of the Pennsylvania | : | |
| Department of Education, | : | |
| in her official capacity only, | : | |
| | : | |
| Defendants. | : | |

## Complaint

Plaintiff Jane Doe by her undersigned attorneys, Mette, Evans & Woodside, files this complaint under pseudonym against Defendant Stephen A. Zappala,, Jr., District Attorney of Allegheny County, and Carrie Rowe, Acting Secretary of the Pennsylvania Department of Education, both in their official capacities only.

### *Introduction*

Section 17.2 of Pennsylvania's Educator Discipline Act prescribes criminal penalties for citizens who would publish truthful information, lawfully known, about the Pennsylvania Department of Education's failure to pursue professional disciplinary charges against certified educators. As such, the Act violates the First

Amendment by restricting citizen speech about the workings of government and, by extension, banning public criticism of the Department for failure to pursue misconduct complaints.

Plaintiff Jane Doe has filed a professional misconduct complaint against a certified educator, and the Department has declined to pursue misconduct charges against the subject of Doe's complaint. Doe wishes to make this known and to criticize the Department publicly. But she fears adverse legal consequences if she should do so.

Doe accordingly brings this pre-enforcement challenge to the Act's secrecy provision, seeking a permanent injunction to bar Defendant Stephen A. Zappala, Jr., District Attorney of Allegheny County, from criminally prosecuting her for speaking about the Department's failure to pursue professional misconduct charges against the subject of her complaint. Moreover, because Doe is a certified educator herself, she also seeks a similar injunction to bar Carrie Rowe, Acting Secretary of the Pennsylvania Department of Education, from bringing professional misconduct charges against her if she should engage in such speech.

## I. Parties

1.      Plaintiff is an adult individual who resides in Allegheny County, Pennsylvania.[1]

2.      Defendant Stephen A. Zappala, Jr. ("Zappala") is the District Attorney of Allegheny County, Pennsylvania.  Zappala is sued in his official capacity only.

3.      Defendant Carrie Rowe ("Rowe") is the Acting Secretary of the Pennsylvania Department of Education ("Department").  Rowe is sued in her official capacity only.

## II. Jurisdiction and Venue

4.      Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.  This suit is authorized pursuant to 42 U.S.C. § 1983.  An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. § 1988.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because the Western District of Pennsylvania is the district in which a substantial part of the events giving rise to the claim occurred.

6.      This action seeks equitable relief and is not subject to arbitration.

---

[1]  Plaintiff has been directly threatened with criminal prosecution if she should reveal her identity in connection with the facts stated in this complaint.  See Exhibit A, p. 4; Exhibit B.  Accordingly, plaintiff identifies herself in this complaint by pseudonym and will file a motion for leave to so proceed.

### III.  Facts

7.     The averments of the foregoing paragraphs are incorporated by reference.

**A.  The Act's criminalization of speech about the Department's failure to pursue disciplinary charges against certified educators.**

8.     Pennsylvania's Educator Discipline Act ("Act")[2] establishes a comprehensive scheme for the prosecution and adjudication of charges of professional misconduct brought against educators certified by the Department.

9.     As part of this framework, the Act criminalizes speech by private complainants concerning the Department's actions in declining to prosecute charges of professional misconduct.

10.    This prohibition extends even to the parties who have themselves submitted the complaints asking the Department to take action.  As stated in the Act,

**§ 2070.17b. Confidentiality**

(a) Except as otherwise provided in this act, **all information relating to any complaints or any proceedings relating to or resulting from such complaints, including the identity of the complainant, shall remain confidential, unless or until discipline is imposed, other than a private reprimand or a supplemental sanction deemed private by the commission, any provision of law to the contrary notwithstanding unless otherwise specified in this act.** All records

---

[2]  Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. §§ 2070.1a-2070.18c.

pertaining to proceedings resulting in public discipline, excluding those records that are privileged or otherwise protected from release, shall become public after the exhaustion of all appeals except where the commission has determined that immediate discipline is necessary. Records pertaining to immediate discipline proceedings are public at the time that the immediate discipline is imposed.

(b) **Any person who releases or gives out information deemed confidential under this act, without authorization of the commission or as authorized by this act, commits a misdemeanor of the third degree.**

(c) This section shall not prohibit any person from disclosing information previously made public as a result of action by a school entity to discipline or dismiss an employe for cause or as a result of an employe's having been formally indicted for or convicted of a crime or from disclosing information that was known or available independently of the disciplinary proceeding.

(d) The provisions of this section shall not apply to information relating to reinstatements or to proceedings under section 9.2 or 9.5.

(e) The commission may order the release of confidential information upon petition of any interested party when it is just and proper. Petitions for release of information deemed confidential under this section shall be filed with the commission in accordance with procedures established by the commission.

(f) Nothing in this section shall be construed to:

> (1) Deny an educator access to information necessary to prepare a defense in a disciplinary proceeding under this act.
> (2) Prevent the department or a school entity from investigating or prosecuting allegations of misconduct.
> (3) Prevent the commission, the department or a school entity from providing information to or consulting with a law enforcement, child protective services or licensing agency of the Commonwealth or other state or jurisdiction.

5

(4) Prevent a school entity from disclosing information developed in the course of investigations conducted by the school entity whether conducted independently or by direction of the department in any disciplinary proceeding against the educator.

**(g) An individual contacted in the course of the department's investigation and prosecution shall be subject to the confidentiality provisions of this section.**

24 P.S. § 2070.17b (emphasis added).

### 1. The District Attorney's authority to prosecute criminal violations of the Act.

11.    Zappala is the chief law enforcement officer of Allegheny County and is charged with prosecuting all criminal offenses occurring in the county. See *In re Dauphin Cnty. Fourth Investigating Grand Jury*, 943 A.2d 929, 938 (Pa. 2007) (citing 71 P.S. § 732–206(a)).

12.    Doe desires to publish in Allegheny County certain information prohibited from disclosure under the Act, to wit, the fact that Doe filed a professional misconduct complaint with the Department, the identity of the educator who was the subject of the complaint, and the letter Doe received from the Department stating its decision not to pursue misconduct charges against the educator.

13.    Zappala accordingly has authority to prosecute Doe criminally under the Act if Doe should make such publication in Allegheny County.

**2. The Acting Secretary's authority to bring professional misconduct charges for violations of the Act's restrictions on speech.**

14.     As the Department's Acting Secretary, Rowe is charged with final oversight and authority in any decision by the Department to institute professional disciplinary proceedings against educators certified under the Act.  24 P.S. § 2070.9(b).

15.     Such disciplinary proceedings, initiated by educator misconduct complaints, are heard by Pennsylvania's Professional Standards and Practices Commission ("Commission").  24 P.S. §§ 2070.3, 2070.5(a)(9).

16.     Educator misconduct complaints may be filed against educators such as Doe for any violation of the Act, including both for criminal offenses and general failures to comply with the duties mandated by the Act.  *Id.* at §§ 2070.9b, 2070.9c.

17.     In addition to hearing misconduct complaints, the Commission is authorized to adopt standards for professional practice and conduct for educators subject to the Act.  24 P.S. § 2070.5(a)(10).

18.     Pursuant to this statutory authorization, the Commission has promulgated a set of standards known as the Code of Professional Practice and Conduct for Educators ("Code"), with such standards defining certain acts as

7

misconduct even though beyond the express language of the Act.  See generally 22 Pa. Code 235.5a-235.5.c.

19.    An educator's violation of the Code, apart from any violation of the Act itself, may serve as an independent basis for discipline in the form of a public or private reprimand.  24 P.S. § 2070.5(a)(10).

20.    A violation of the Act's speech restrictions is *ipso facto* also a violation of the Code.  22 Pa. Code § 235.5c(1).

21.    This is significant, because Doe is herself a professional educator subject to the requirements of the Act.

22.    If Doe should violate the speech restrictions contained in the Act by publishing the information she desires to share, she would be in danger of professional disciplinary proceedings initiated by Rowe.

23.    Rowe is authorized to initiate misconduct proceedings even in the absence of criminal charge or conviction.  24 P.S. § 2070.9b(b) ("Nothing in this section shall be construed to prevent the [D]epartment from pursuing discipline under this act against any educator who has been acquitted, who has participated in an alternative disposition program or for whom the criminal charges were otherwise withdrawn or dismissed.").

24.    Doe's violation of the speech restrictions contained in the Act would thus not only serve as a basis for Zappala to institute a criminal prosecution against

Doe, but also for Rowe to initiate independent professional disciplinary proceedings against Doe.

**B.   Doe's receipt of information concerning the Department's failure to initiate disciplinary proceedings.**

25.   On September 5, 2023 Doe submitted an educator misconduct complaint ("Misconduct Complaint") via the Pennsylvania Department of Education's online portal.  A redacted copy of the Misconduct Complaint is attached as Exhibit A.

26.   The Misconduct Complaint was filed against an certified educator employed by a public school district in Allegheny County.

27.   The online complaint form maintained by the Department contains the following statement,

**Confidentiality Notice**

**The educator misconduct complaint process is confidential and any unauthorized release of confidential information is a misdemeanor of the third degree. See 24 P.S. § 2070.17(b).** All information relating to complaints must remain confidential unless or until public discipline is imposed. Thus, the filing of a complaint, the Department's investigation of a complaint and the disposition of the complaint prior to the imposition of public discipline, as well as any and all information learned as a result of the Department of Education's investigation, is strictly confidential.

Exhibit A, p. 4 (emphasis added).

9

28.     On October 12, 2023, the Department through the Governor's Office

of General Counsel sent a letter advising Doe that it would take no action and

would dismiss the complaint against the educator.  A redacted copy of the letter is

attached as Exhibit B.

29.     Included in the body of the letter was the following language,

> **In closing, I must inform you that the Educator Discipline Act provides that any unauthorized release of confidential information is a misdemeanor of the third degree. <u>See</u> 24 P.S. § 2070.17b.** The Educator Discipline Act, which sets forth in detail the disciplinary procedures and confidentiality requirements, can be accessed on the Department's website at: www.pspc.education.pa.gov/educatordisciplineact. A copy of the Act will be provided upon request.

Exhibit B (emphasis added).

30.     The letter reiterated the threat of criminal prosecution in language

appearing below the signature block.

> **Release or publication of this document is a crime and may result in a conviction of a third degree misdemeanor.  24 P.S. § 2070.17b.**

*Id.* (emphasis in original).

10

**C. Doe's desire to speak about the Department's failure to pursue professional misconduct charges against the subject of Doe's complaint.**

31. Doe wants to disclose the fact that she has profiled a misconduct complaint, identify the educator who was the subject of the complaint, and disclose the letter stating the Department's refusal to take action against the educator.

32. However, due to the Act's criminal penalties for disclosure of any information about the filing and disposition of a misconduct complaint, Doe fears prosecution by Zappala if she should publish or speak about this information and publicly criticize the Department for its failure to take action.

33. Doe also fears professional disciplinary proceedings initiated by Rowe if she should engage in such speech.

**D. The Act's unconstitutional burden-shifting to obtain relief from its speech restrictions.**

34. The Act contains a provision by which a citizen may seek a release of information from the scope of the Act's prohibition on disclosure.

> The commission may order the release of confidential information upon petition of any interested party when it is just and proper. Petitions for release of information deemed confidential under this section shall be filed with the commission in accordance with procedures established by the commission.

24 P.S. § 2070.17b(e).

11

35.    This provision of the Act doesn't survive First Amendment scrutiny, however, because it imposes on citizens desiring to speak about government action (or inaction) the burden of obtaining prior approval from the government itself in advance of speaking and disclosing information deemed confidential under the Act, essentially establishing a scheme of government censorship.  See *Schrader v. Dist. Att'y of York Co.*, 74 F.4th 120, 126 (3d Cir. 2023) ("In First Amendment cases the initial burden [of proof] is flipped.") (quoting *Greater Phila. Chamber of Com. v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020)); *Ashcroft v. Am. Civil Liberties Union*, 542 U.S. 656, 666 (2004) (in First Amendment challenge "the Government bears the burden of proof on the ultimate question"); *Freedman v. State of Md.*, 380 U.S. 51, 56 (1965) ("In the area of freedom of expression it is well established that one has standing to challenge a statute on the ground that it delegates overly broad licensing discretion to an administrative office, whether or not his conduct could be proscribed by a properly drawn statute, and whether or not he applied for a license.").

36.    Thus, the Act violates the First Amendment even with this provision, because it imposes subsequent penal sanctions on citizens such as Doe who wish to engage in speech about, and publish undisputedly authentic government documents concerning, the filing of educator misconduct complaints and the Department's

disposition thereof, without first obtaining permission from the government to exercise their fundamental right to free speech.

37.    Doe has no adequate remedy at law.

## Count I
### Unconstitutionality of Section 17.2 of the Educator Discipline Act
### As Applied to Doe under the First Amendment
### (42 U.S.C. § 1983)

38.    The averments of the foregoing paragraphs are incorporated by reference.

39.    The Act is unconstitutional as applied to Doe, because it prohibits Doe from speaking and freely publishing information and documents concerning:

a) the fact that Doe filed a complaint with the Department against a public educator;

b) the identity of the educator against whom Doe filed the complaint;

c) the Department's disposition of Doe's complaint; and

d) undisputedly authentic communications stating the Department's decision not to pursue disciplinary charges against the educator.

40.    As a direct and proximate result of the application of the Act to Doe, Doe's speech rights have been chilled.

41.    In the absence of the Act's restrictions on speech, Doe would inform personal acquaintances and the public that she filed a misconduct complaint with

13

the Department, advise them of the identity of the educator who was the subject of the complaint, and advise that the Department had failed to take action on the complaint, also disclosing the Department's letter stating its decision not to pursue professional misconduct charges.

42.     However, Doe fears to engage in such speech because she faces the prospect of criminal prosecution and professional misconduct charges if she should so much as disclose the fact of the filing of the complaint against the educator.

43.     The Act's speech restrictions are content based and fail strict scrutiny, because they are not the least restrictive means of advancing any compelling state interest.

44.     The Act's speech restrictions further fail the *Daily Mail* test[3] by prohibiting Doe from disclosing the Department's letter stating that it would take no action against the subject of Doe's complaint.

45.     Defendants cannot establish an interest "of the highest order" to justify its restrictions on a complainant's disclosure of an undisputedly authentic government document such as the Department's letter.  See Exhibit B.

WHEREFORE, Doe prays the Court to DECLARE Section 17.2 of the Act UNCONSTITUTIONAL AS APPLIED under the First Amendment and

---

[3]  *Smith v. Daily Mail Publ'g Co.*, 443 U.S. 97 (1979).

PERMANENTLY ENJOIN the District Attorney and Acting Secretary of Education from filing criminal or professional disciplinary charges against her under Section 17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, for a) disclosing the fact that she has filed a complaint with the Department, b) disclosing the identity of the educator who is the subject of the complaint, and c) disclosing the Department's letter concerning disposition of her complaint.  Doe further requests an award of attorney's fees, costs and whatsoever other relief as is just and equitable.

### Count II
**Facial Unconstitutionality of Section 17.2 of the Educator Discipline Act under the First Amendment**
**(42 U.S.C. § 1983)**

46.     The averments of the foregoing paragraphs are incorporated by reference.

47.     The Act is substantially overbroad in punishing the truthful speech of private citizens about the workings of government when compared to its plainly legitimate sweep.

48.     Every private citizen desiring to disclose the fact of the filing of an educator misconduct complaint, the identity of the educator, the Department's decision to decline to file professional disciplinary charges, and any undisputedly

authentic government documents issued by the Department in response to such a complaint, faces criminal penalties in violation of the First Amendment.

49. Every certified educator also faces the prospect of professional discipline for such speech.

50. The Act's speech restrictions are content based and fail strict scrutiny, because they are not the least restrictive means of advancing any compelling state interest.

51. The Act's speech restrictions further fail the *Daily Mail* test by prohibiting individuals from disclosing undisputedly authentic communications stating the Department's rationale for declining to pursue professional misconduct complaints.

52. Defendants cannot establish an interest "of the highest order" to justify the Act's restrictions on a complainant's disclosure of an undisputedly authentic government document such as the Department's letter issued to Doe, which is representative of such communications issued by the Department to private citizens when declining to pursue professional misconduct complaints. See Exhibit B.

16

WHEREFORE, Doe prays the Court to DECLARE Section 17.2 of the Act FACIALLY UNCONSTITUTIONAL under the First Amendment and PERMANENTLY ENJOIN the District Attorney and Acting Secretary of Education from filing criminal or professional disciplinary charges under Section 17.2 of the Act of December 12, 1973 (P.L. 397, No. 141), as amended December 18, 2013 (P.L. 1205, No. 120), 24 P.S. § 2070.17b, for a) disclosing the fact that a professional misconduct complaint has been filed with the Department, b) disclosing the identity of the educator who is the subject of such a complaint, and c) disclosing the Department's communications concerning any decision declining to pursue such a complaint.  Doe further requests an award of attorney's fees, costs and whatsoever other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____

Aaron D. Martin
Pa. Atty. I.D. 76441
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
admartin@mette.com

Date: September 24, 2025.

*Attorneys for Plaintiff,*
*Jane Doe*

17